## Kentucky Diamond Mining & Developing Co. v. Sellers.

(Decided May 9, 1911.)

### Appeal from Elliott Circuit Court.

1. Trespass—Land—Title—Abandonmtnt.of Lease—Where an action for trespass was sought to .be defeated .because the title papers

were not found in the record, it being evident that the land belongs to appellee, it will be presumed that such facts were before the lower court as authorized the judgment for the trespass.

f' Code Provision—Substantial Rights of Parties—The Civil Code provides that no judgment shall be reversed for an error or defect which does not affect the substantial rights of the parties.

REDWINE & HOGG for appellant.

J. B. HANNAH and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee instituted this action in November, 1906, alleging that he was the owner of about 200 acres of land in Elliott county; that while he was the owner and in possession of same, appellant wrongfully and without right entered upon the land and cut growing trees, dug up the earth and destroyed herbage and grass to his damage in the sum of $500. Appellant answered and put the allegations of the petition in issue, and in another paragraph described a boundary of land of which it claimed to be the owner.

It appears that the two surveys of land lapped and during the pendency of the action the parties entered into the following agreed order (omitting the formal parts):

"By consent of the parties it is hereby adjudged that the division line between the lands of plaintiff and defendant herein from the Hamilton (or Perry) branch and on the north side of said Hamilton branch, so far as their lands adjoin on the north side of said branch is settled, hereby established and shall be as follows, to-wit (a description of the boundary is here given):

"By like consent defendant is adjudged a passway twelve (12) feet wide from the Hamilton branch and with the division line herein established to the 'stake by Jackson's yard fence,' said passway to be for the use and benefit of plaintiff and defendants herein and not be closed or obstructed by either party without the consent of the other."

Appellant also alleged in its answer that it had a right to mine on the land of appellee by virtue of a writing executed to John D. Ratcliff by Hugh and Nancy Boggs, on January 4, 1882; that Boggs and wife for the consideration of $20 in hand paid, and $500 to be paid by Rat-

cliff if he found any mineral on the land and in paying quantities, executed this deed to Ratcliff which conveyed all the minerals, valuable substances and precious stones, iron and coal excepted, to him under their hand, the land now claimed by appellee. Ratcliff bound himself to commence and prosecute the mining within twelve months from the date of the conveyance. It seems that this leave was transferred by Ratcliff and eventually the mining company became the owner of it. Appellee alleged in his reply that Ratcliff failed to commence the prosecution of mining upon the land within the twelve months; that he (Boggs) sold his right in the land to one Maggard & Webb, who paid part cash and executed their note for the balance; that he brought a suit to collect the note and Maggard & Webb defended upon the ground that they did not have a good title, as Ratcliff had a deed to the minerals under the land; and they made Ratcliff a party to the action and he answered setting up claim to the minerals. Such pleadings as were necessary to from the issues in that action were filed and the case tried, which resulted in a judgment to the effect that Ratcliff's claim was not binding as he had failed to prosecute the mining as he agreed to, and that his claim was, therefore, void. Appellee's reply setting up the above facts was controverted of record.

It appears that appellee offered to file the suit of Boggs v. Maggard & Webb in this action, but it is not copied in the record, nor is there any proof with reference thereto, except one Davis testified that Ratcliff filed his answer in it.

After the action had been pending for some time, it was transferred to equity and leave given the parties to take such depositions as they desired or to introduce oral proof on the trial before the court. There is no bill of exceptions and it is, therefore, impossible for us to tell what if any proof was introduced before the court. The lower court used the following language in its judgment:

"This case coming on for trial and the law and facts having by consent been submitted to the court, and the court being advised," &c.

Whether any oral testimony or the record in the old suit of Boggs v. Maggard & Webb were introduced or any other papers, we can not say from the record before us. In such cases we must assume that such facts were produced before the lower court as authorized the judg-

ment. Appellant's only contention in its brief is that appellee had no title to the land sued for and for that reason they are entitled to a reversal. It is true appellant made a formal denial in its pleadings of appellee's ownership of the land, but after the action had progressed for a while it appears that the parties agreed that the land was appellee's and agreed also to a division line between his land and theirs. (See the order copied above.) After this agreement was made, the litigation continued upon the alleged trespass by appellant upon the land, appellant claiming that they had a right to mine upon the land by reason of this Ratcliff lease. Conceding that there was no proof introduced in the lower court showing that the court in the Boggs-Maggard case declared the Ratcliff lease abandoned and void, the facts appearing in the record show that he was to commence and prosecute the mining within twelve months, and to continue it with a view of determining whether there were minerals sufficient to warrant the payment of the $500 to Boggs under the contract. It appears from the deed that the $500 was the real consideration for the contract, and it appears from the record that neither Ratcliff or his assigns attempted to carry out the contract so as to determine whether or not the $500 should be paid, until twenty-four years had elapsed when Ratcliff had agreed to do so within twelve months. The authorities are numerous which hold that such dereliction of duty avoids a contract. Unless such stipulations are performed within the time agreed upon and in good faith, the law implies a forfeiture.

Appellant's manager and witness, Jackson, testified that they sunk four shafts on appellee's land about 200 yards long and about twelve feet wide and fifteen feet deep; that the most of the dirt was carried to the washer on their land and the balance thrown upon appellee's land. According to the evidence, the land where the shafts were sunk was good farming land, and the lower court gave appellee only $50 for damages.

It is evident that the land claimed by appellee belongs to him, and we do not feel authorized to reverse the judgment because his title from Boggs is not filed in the record. It may have been produced on the trial in the lower court. The Civil Code provides that no judgment shall be reversed for an error or defect which does not affect the substantial rights of the parties.

For these reasons, the judgment of the lower court is affirmed.